UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER BOSWELL,

        Petitioner,

   v.                                    20-CV-671
                                          DECISION & ORDER

JULIE WOLCOTT,

        Respondent.

---

       The *pro se* petitioner, Christopher Boswell, is an inmate at the Orleans Correctional Facility ("Orleans"). He has submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and has moved for a temporary restraining order and a preliminary injunction. Docket Items 1 and 2. He seeks his immediate release, alleging that because of his "serious medical pre-existing issues such as [h]eart disease, [k]idney [d]isease, [chronic obstructive pulmonary disease], [a]sthma, a very low immune system, and other medical problems," he faces "[i]mminent peril to his safety due to [the] COVID-19 [pandemic]." Docket Item 1 at 3. He also states that he has "only a few months until his actual release." *Id.* at 5. On June 15, 2020, the respondent moved to convert Boswell's section 2241 petition into one filed under 28 U.S.C. § 2254. Docket Item 7.

       For the reasons that follow, the Court will grant the respondent's motion to convert unless Boswell withdraws his petition.

**DISCUSSION**

    A.    **Habeas Corpus Relief**

"The fact that [Boswell] invoked section 2241 d[oes] not . . . require [a] district court to treat [the instant petition] as a section 2241 petition. On the contrary, if an application that should be brought under [section] 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." *Cook v. New York State Div. of Parole*, 321 F.3d 274, 277 (2d Cir. 2003) (citing *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)). "'[I]t is the substance of the petition, rather than its form, that' governs." *Id.* at 278 (alteration in original) (quoting *James*, 308 F.3d at 166).

Three statutes give district courts habeas jurisdiction. Determining the appropriate statute hinges on (i) whether the petitioner is held in federal or state custody and (ii) whether the petitioner challenges the "imposition" or the "execution" of his sentence. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 277 (2d Cir. 2003); *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002). A federal inmate proceeds under section 2255 when he challenges the "imposition" of his sentence but under section 2241 when he challenges its "execution." *See James*, 308 F.3d at 167 (citation omitted); *see also* 28 U.S.C. § 2241(c)(3) (giving district courts jurisdiction over claims that "a prisoner . . . is in custody in violation of the Constitution or laws or treaties of the United States"); *id.* § 2255(a) (same, regarding claims that "[a] prisoner in custody under sentence of a court established by Act of Congress" is held under a "sentence [that] was imposed in violation of the Constitution or laws of the United States"). In contrast, only one statute governs claims by individuals held in state custody, so a state prisoner

proceeds under section 2254 to challenge "either the imposition or the execution of [his] sentence." *Id.*; *see also* 28 U.S.C. § 2254(a) (giving district courts jurisdiction over claims that "a person in custody pursuant to the judgment of a State court . . . is in custody in violation of the Constitution or laws or treaties of the United States").

Boswell's habeas petition is properly understood as one brought under section 2254, not section 2241.  He explicitly claims that he "currently [is] held on orders [of] State Authorities."  Docket Item 1 at 1.  And his petition alleges that the conditions under which he currently is held at Orleans, a facility operated by the New York State Department of Corrections and Community Supervision, violate various constitutional provisions.  In other words, Boswell asserts that he is "a person in custody pursuant to the judgment of a State court . . . in violation of the Constitution."  28 U.S.C. § 2254(a).  "A state prisoner . . . must[ ] bring a challenge to the execution of his . . . sentence . . . under section 2254.  A petition under section 2241 is . . . unavailable to him."  *Cook*, 321 F.3d at 278 (footnote omitted).

### B.     Opportunity to Withdraw

Having determined that Boswell's petition properly is brought under section 2254, the Court will grant him an opportunity to withdraw his petition before converting it. Such an opportunity is appropriate for procedural, not merits-based, reasons.  Because a prisoner cannot bring a "second or successive" section 2254 petition except under narrow circumstances, *see* 28 U.S.C. § 2244(b), "[i]f [Boswell's] petition [is] properly converted into a section 2254 petition, section 2244(b) might preclude [him] from ever seeking federal review of claims, even meritorious ones, not raised in [the instant] petition."  *Cook*, 321 F.3d at 281.  Stated differently, if the Court converts Boswell's

petition, Boswell may not be able to challenge either the imposition or the execution of his state sentence in the future. Conversion, in other words, *may* be "extraordinarily harmful to [Boswell's] rights." *Id.* (citation omitted).

Accordingly, Boswell may—but need not—move to withdraw his petition before the Court converts it. If Boswell fails to do so, he will be subject to the "second and successive" restrictions applicable to section 2254 petitions. The Court has not yet reviewed—and therefore does not at this time pass judgment on—the merits of Boswell's claims, but it notes that the section 2244 restrictions will apply even if this Court dismisses the petition shortly after conversion.

## **CONCLUSION**

In light of the above, IT IS HEREBY

ORDERED that Boswell shall have until July 7, 2020, to notify this Court, in writing, that he wishes to withdraw his petition; and it is further

ORDERED that if Boswell does not withdraw his petition, the Court will convert the petition to one filed under 28 U.S.C. § 2254 and the Clerk of Court shall update the caption accordingly; and it is further

ORDERED that if Boswell does not withdraw his petition, the Court will stay the respondent's deadline to answer the petition until it decides the respondent's motion to dismiss; and it is further

ORDERED that Boswell shall have until July 13, 2020, to respond to the pending motion to dismiss his petition, Docket Item 7; the respondent shall have until July 17, 2020, to reply; and the Court will schedule oral argument at a later date if necessary.

SO ORDERED.

Dated:   June 29, 2020
         Buffalo, New York

                                            *Hon. Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE